UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CINDY GARCIA-HIGGINS, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 2:12-CV-00121 |
| | § | |
| LCS CORRECTION SERVICES, INC., *et al*, | § | |
| | § | |
| | § | |
| Defendants. | § | |

# ORDER

Before the Court is the "Motion to Dismiss for Lack of Personal Jurisdiction of Defendants LeBlanc, Jerry Gottlieb, Richard Gottlieb, Harbison, Copes, and Slone"[1] (D.E. 36). Plaintiffs have alleged personal jurisdiction against each of the Movants based upon the commission of a tort (negligence) in whole or in part in the state of Texas. D.E. 50, p. 5. For the reasons stated below, the Motion is GRANTED.

## BURDEN OF PROOF

When a defendant raises an objection to the court's personal jurisdiction, the burden is on the plaintiff to make a prima facie showing that jurisdiction exists. *Bullion v. Gillespie*, 895 F.2d 213, 216-17 (5th Cir. 1990). A prima facie case may be established "by alleging facts in the complaint and affidavits sufficient to establish jurisdiction over the non-resident defendants." *Caldwell v. Palmetto State Savings Bank*, 811 F.2d 916, 917-18 (5th Cir. 1987) (*per curiam*).

---

[1] At the time the Movants filed their Motion, Daniel Slone was named as a Defendant. In their Second Amended Complaint, Plaintiffs dropped all allegations as to Slone. D.E. 50.

When a court rules on a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, it must accept as true the plaintiff's uncontroverted allegations and resolve any factual disputes in the plaintiff's favor. *Stripling v. Jordan Production Co.*, 234 F.3d 863, 869 (5th Cir. 2000) (internal citation omitted). Once the plaintiff satisfies its burden to establish a prima facie case of jurisdiction, the burden shifts to the defendant to defeat jurisdiction by showing that its exercise would be unfair or unreasonable. *Central Freight Lines, Inc. v. APA Transport Corp.*, 322 F.3d 376, 384 (5th Cir. 2003).

## SCOPE OF JURISDICTION

Under the federal rules, except where a federal statute provides for more expansive personal jurisdiction, "the personal jurisdiction of a federal district court is coterminous with that of a court of general jurisdiction of the state in which the district court sits." *Submersible Sys., Inc. v. Perforadora Cent., S.A. de C.V.*, 249 F.3d 413, 418 (5th Cir. 2001). There is no question that the Texas long-arm statute extends personal jurisdiction to those "doing business" in the state, which includes the commission of a tort in whole or in part in Texas. Tex. Civ. Prac. & Rem. Code § 17.042.

The scope of this claim to personal jurisdiction is deemed co-extensive with the limits of due process under the United States Constitution. *Stroman Realty, Inc. v. Antt*, 528 F.3d 382, 385 (5th Cir.2008); *Kelly v. General Interior Constr. Inc.*, 301 S.W.3d 653, 657 (Tex. 2010). Due process requires (1) minimum contacts in the state such that (2) the maintenance of the suit does not offend traditional notions of fair play and substantial justice. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95

(1945); *Pervasive Software Inc. v. Lexware GmbH & Co. KG*, 688 F.3d 214, 220 (5th Cir. 2012).

Minimum contacts with a forum state may give rise to general or specific jurisdiction. *Guidry, supra* at 624. General jurisdiction exists when a defendant's contacts with the forum state are "continuous and systematic" but are not related to the alleged cause of action. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415, 104 S. Ct. 1868 (1984); *Ruston Gas Turbines, Inc. v. Donaldson Co.*, 9 F.3d 415, 419 (5th Cir. 1993). The Plaintiffs have not presented pleadings or proof to support general jurisdiction.

The question then presented is whether Plaintiffs have provided sufficient pleadings and proof of specific jurisdiction. Specific jurisdiction exists when a defendant purposefully directs his activities at the forum state and the plaintiff's cause of action arises out of these activities. *Bullion*, at 217; *Guidry v. U.S. Tobacco Co.*, 188 F.3d 619, 625 (5th Cir. 1999).

## FACTS

This case involves the death of an inmate who needed emergency medical assistance and did not receive it. Plaintiffs allege that the assistance was denied because of LCS policies and practices, including understaffing their privately run prison facilities. Plaintiffs have alleged several theories of negligence against the Movants as members of the LCS Correction Services, Inc. (LCS) Board of Directors or Management Team. D.E. 50, pp. 16-20.

Each member of the Board of Directors (LeBlanc, J. Gottlieb, and R. Gottlieb) is named and charged separately, but each is charged with the same list of alleged negligent acts.  D.E. 50, pp. 16-19.  The allegations have to do with LCS's (1) staff-to-inmate ratios; (2) policies and procedures for inmate medical treatment; (3) equipment for facilities to handle medical emergencies on site; (4) quality of training and education for staff members, generally; and (5) quality of staff training to handle medical emergencies, specifically.  *Id*.  The two Movants listed as members of the Management Team (Harbison and Copes) are charged with the same negligence as the Board of Directors.  D.E. 50, pp. 19-20.  Harbison is also charged with failing to oversee all branches of the operation and Copes is charged with failing to properly supervise wardens and staff and failing to properly supervise implementation of Guidelines and Operational Manuals.  *Id*.

With the exception of the allegations regarding supervising facilities or staff, these theories involve actions taken at LCS meetings held outside the state of Texas, but with ramifications for all of the three LCS facilities within Texas borders.  The *pleading* does not recite any other specific or general contacts to support the exercise of personal jurisdiction over these corporate representatives.

In response to the Motion to Dismiss, Plaintiffs attached deposition excerpts to establish that LeBlanc and Harbison made visits to Texas to negotiate the contracts and to inspect the LCS Texas facilities, including the facility at issue in this case.  D.E. 52, p. 2; 52-1, pp. 4-5; 52-3, p. 6. Nothing about those visits is alleged to have a specific nexus to the Plaintiffs' decedent or his particular medical emergency.  Furthermore, there is no

evidence supplied to this Court of Jerry Gottlieb, Richard Gottlieb, or Gary Copes ever stepping foot in Texas.

## DISCUSSION

Plaintiffs apparently base their personal, specific jurisdiction claims upon the corporate representatives' individual completion of corporate acts having an impact in Texas. The record is devoid of any suggestion that these Defendants, individually, intended to harm anyone in Texas or had anything to gain separate and apart from the general operations and profitability of LCS. So the question is whether their corporate-related alleged negligence means that they, individually, committed a tort in Texas with conduct sufficient to satisfy the concept of minimum contacts within Texas borders.

Movants assert that Plaintiffs cannot rely on their acts as corporate representatives to establish personal jurisdiction. So while they do not deny doing business in Texas on behalf of LCS, they deny that those contacts may be used against them personally. As a general rule, "jurisdiction over an individual cannot be predicated upon jurisdiction over a corporation" for which the individual works. *Stuart v. Spademan*, 772 F.2d 1185, 1197 (5th Cir. 1985); *Joyner v. MERS*, 451 Fed. Appx. 505, 506 (6th Cir. 2011) (*per curiam*; affirming dismissal of corporation's CFO). The test is whether the individual defendant "purposefully availed himself of the forum." *Joyner,* at 506.

The concept of purposeful availment and its importance were discussed at length by the United States Supreme Court in *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474-476, 105 S.Ct. 2174, 2183 - 2184 (1985):

> [T]he constitutional touchstone remains whether the defendant purposefully established "minimum contacts" in the forum State. *Although it has been argued that foreseeability of causing injury in another State should be sufficient to establish such contacts there when policy considerations so require, the Court has consistently held that this kind of foreseeability is not a "sufficient benchmark" for exercising personal jurisdiction.* Instead, "the foreseeability that is critical to due process analysis . . . is that the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." In defining when it is that a potential defendant should "reasonably anticipate" out-of-state litigation, the Court frequently has drawn from the reasoning of *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1239-1240, 2 L.Ed.2d 1283 (1958):
>
>> "The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State. The application of that rule will vary with the quality and nature of the defendant's activity, but it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws."
>
> This "purposeful availment" requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of "random," "fortuitous," or "attenuated" contacts, or of the "unilateral activity of another party or a third person," Jurisdiction is proper, however, where the contacts proximately result from actions by the *defendant himself* that create a "substantial connection" with the forum State. Thus *where the defendant "deliberately" has engaged in significant activities within a State or has created "continuing obligations" between himself and residents of the forum, he manifestly has availed himself of the privilege of conducting business there*, and because his activities are shielded by "the benefits and protections" of the forum's laws

> it is presumptively not unreasonable to require him to submit to the burdens of litigation in that forum as well.

*Burger King*, *supra* 471 U.S. at 474-76, 105 S.Ct. at 2183-84 (citations and footnotes omitted; emphasis added).  Because there are no pleadings or proof that Movants, on their own behalf, purposefully availed themselves of the benefits and protections of Texas law, their actions as corporate representatives who engaged in alleged negligence on behalf of their corporation are insufficient to establish personal jurisdiction against them, individually.

If the allegations against the Movants triggered an independent individual duty to the Plaintiff's decedent, revealed heightened conduct such as fraud or an intentional tort, or involved an alter ego-based piercing of the corporate veil, the result might be different.  *See generally, Donovan v. Grim Hotel Co.*, 747 F.2d 966, 973 (7th Cir. 1984); *Timberlake v. Synthes Spine Co., L.P.,* No. V-08-4, 2008 U.S. Dist. LEXIS 53350, *14, 2008 WL 2770588 at * 5 (S.D. Tex. July 11, 2008); *Joiner v. Coast Paper & Supply*, No. 13-07-623-CV, 2008 WL 2895851, *6 (Tex. App.—Corpus Christi-Edinburg 2008, no pet.).

The Texas Supreme Court, following *Burger King*, rejected the "directed a tort" theory of personal jurisdiction, stating that, while committing a tort may satisfy the Texas long-arm statute, it does not satisfy the United States Constitution.  *Id*.  It identified four reasons that personal jurisdiction was not satisfied in that case, two of which are salient here.

> Several problems arise if jurisdiction turns not on a defendant's contacts, but on where it "directed a tort."  First, it shifts a court's focus from the "relationship among the

> *defendant*, the forum, and the litigation" to the relationship among the "*plaintiff*, the forum ... and the litigation."
>
> . . .
>
> Second, directed-a-tort jurisdiction confuses the roles of judge and jury by equating the jurisdictional inquiry with the underlying merits. If purposeful availment depends on whether a tort was directed toward Texas, then a nonresident may defeat jurisdiction by proving there was no tort.

*Id*. at 790-91 (emphasis in original).

The Court holds that personal jurisdiction over the Movants has not been demonstrated under the "purposeful availment" test. The Movants' acts on behalf of LCS, even those that brought them into Texas physically, are insufficient to invoke the benefits and protections of Texas law on behalf of the individuals. There are insufficient contacts and an insufficient nexus between the few contacts that have been shown and the specific liability to Plaintiffs' decedent in this case to support the exercise of this Court's personal jurisdiction over the Movants.

## CONCLUSION

For the reasons set out above, the Court GRANTS the Motion to Dismiss for Lack of Personal Jurisdiction (D.E. 36). The Plaintiffs' claims against individual Defendants Michael LeBlanc, Jerry Gottlieb, Richard Gottlieb, Richard Harbison, and Gary Copes are DISMISSED for want of personal jurisdiction.

ORDERED this 25th day of January, 2013.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE